IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW LINUS LYLE LANDSBERGER, | ) ) ) | |
| Plaintiff, | ) ) | Case No. CIV-24-988-SLP |
| v. | ) ) | |
| ALCOHOLICS ANONYMOUS WORLD SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 3]. Plaintiff has not responded, and the time to do so has passed. *See* LCvR7.1(g).[1] For the reasons that follow, the Motion is GRANTED.

## I.  **Background**

Plaintiff, appearing pro se, filed this action in the District Court of Oklahoma County, State of Oklahoma on August 30, 2024. Pet. [Doc. No. 1-1]. Defendant removed the action to this Court based on diversity of citizenship on September 24, 2024. *See* [Doc. No. 1]. Plaintiff's claims are factually premised on two Alcoholics Anonymous (AA) meetings at which he contends he was "violently attacked by several other of the

---

[1] Defendant filed a Motion to Deem Confessed [Doc. No. 4], asking the Court to dismiss this action due to Plaintiff's failure to respond. But the court may not grant a motion to dismiss "merely because [Plaintiff] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

members." [Doc. No. 1-1] at 1.  Plaintiff states that the attacks resulted in "several felony charges" brought against him, which ultimately led to his incarceration.  *See id.* at 1-2.

Plaintiff claims he was harmed in the form of bodily injury, emotional duress, a lost job and wages, and the felony charges themselves.  *Id.*  He brings claims for intentional infliction of emotional distress and negligent infliction of emotional distress, and he seeks punitive damages.  *See id.* at 2-7.  Plaintiff's only allegations regarding Defendant are: (1) that it is "a corporation who operates in New York County"; and (2) that it violated its "one (1) own code(s) of conduct. . ."  *See generally id.*

Defendant moves for dismissal based on lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Mot. [Doc. No. 3] at 1, 4-9.  Defendant also seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  *Id.* at 10-14.  The Court finds that it lacks personal jurisdiction over Defendant and therefore need not address the alternative argument for dismissal under Rule 12(b)(6).

## II.  <u>Governing Standard</u>

When addressing a motion to dismiss under Rule 12(b)(2) without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  To defeat a plaintiff's prima facie showing, "a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction

unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). In making this determination, the Court resolves all factual disputes in favor of the plaintiff. *Old Republic*, 877 F.3d at 903.

**III.  Discussion**

"The law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court." *Old Republic*, 877 F.3d at 903. Because Oklahoma's long-arm statute "extends jurisdiction to the Constitution's full extent" the personal jurisdiction analysis is "a single due process inquiry." *Id.*; *see also* 12 Okla. Stat. § 2004(F); *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002). This jurisdiction may be general or specific. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).

**A.  General Jurisdiction**

General jurisdiction exists over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). General jurisdiction is not related to "the events giving rise to the suit" and, therefore, "courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Old Republic*, 877 F.3d at 904 (internal quotation marks and citation omitted).

Plaintiff's Complaint[2] contains no allegations whatsoever regarding any contact Defendant has with Oklahoma, let alone any allegations regarding continuous and systematic business contacts. *See generally* [Doc. No. 1-1]. To the contrary, Plaintiff's only relevant allegation is that Defendant "is a corporation who operates in New York County." *Id.* ¶ 2. The Court therefore finds general jurisdiction over Defendant is absent.

### B. Specific Jurisdiction

Specific jurisdiction involves a "less stringent" minimum contacts analysis that permits the Court to exercise jurisdiction over an out-of-state party if the cause of action relates to that party's contacts with the forum state. *Old Republic*, 877 F.3d at 904. Specific jurisdiction involves a two-step inquiry: (1) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so (2) whether the defendant has presented a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 904 (citing *Burger King*, 471 U.S. at 476–77). The latter step is commonly discussed as "whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." *See id.* at 908.

Regarding the first step, two distinct requirements must be met to show a defendant has minimum contacts with a forum state: (1) "the defendant must have purposefully directed its activities at residents of the forum state"; and (2) "the plaintiff's injuries must arise out of [the] defendant's forum-related activities." *Id.* at 904 (internal quotation marks and citations omitted). The purposeful direction component "ensures that a defendant will

---

[2] The Court uses the nomenclature applicable in federal court.

not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. . ." *See Burger King*, 471 U.S. at 475 (internal quotation marks and citations omitted)).  Neither requirement of the first step is met in this case.

There are no allegations showing that Defendant purposefully directed activities at residents in the State of Oklahoma, nor are there any allegations to suggest Plaintiff's injuries arise out of any activity by Defendant in Oklahoma.  Again, Plaintiff's only allegations regarding Defendant are that it is "a corporation who operates in New York County" and that it violated its "one (1) own code(s) of conduct. . ." *See* Compl. [Doc. No. 1-1].  Plaintiff includes no further elaboration regarding Defendant's "code(s) of conduct" or how that relates to his injury; instead, it appears the injuries Plaintiff alleges were caused by "several" unnamed individuals who are not parties to this action.[3]  *See id.*; *see also XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1312 (10th Cir. 2024) ("We have interpreted the 'arise out of' language to require 'some sort of causal connection between a defendant's contacts and the suit at issue.'" (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008))).  Accordingly, the first step is not met, and the Court may not exercise specific jurisdiction over Defendant.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 3] is GRANTED and Defendant's Motion to Deem Confessed [Doc. No. 4] is DENIED as MOOT.  This action DISMISSED WITHOUT PREJUDICE for lack of personal

---

[3] Nor does Plaintiff explain how the violation of an internal code of conduct by a New York corporation relates to an assault by those individuals in Oklahoma.  *See id.*

jurisdiction. A separate judgment of dismissal shall be entered contemporaneously herewith.

IT IS SO ORDERED this 17th day of July, 2025.

_____

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE